```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**HENRY HUNTSMAN,**

        **Plaintiff,**

  v.                             **CIVIL ACTION NO. 1:16cv1**
                                               **(Judge Keeley)**

**MARK KILES, C.O. 1;**
**JOANIE HILL, Associate Warden**
**of Programs; WYSOCKIE, Corporal;**
**ASHLEY WHITE; RANDY MILLER,**
**Associate Warden of Operations;**
**MIKE HILL, Associate Warden of**
**Security,**

        **Defendants.**

## REPORT AND RECOMMENDATION

### I. Background

On January 4, 2016, the *pro se* Plaintiff initiated this case by filing a civil rights complaint against the above-named Defendants pursuant to 42 U.S.C. § 1983. Liberally construed, the Plaintiff is alleging a violation of the Eighth Amendment's prohibition against cruel and unusual punishment.[1] On January 14, 2016, an order was entered granting the Plaintiff leave to file without prepayment of fees. On April 4, 2016, the Plaintiff paid his required initial partial filing fee. This matter is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 2

---

[1] The cruel and unusual punishment clause of the Eighth Amendment applies to the States through the Due Process Clause of the Fourteenth Amendment to the United States Constitution. See Wilson v. Seiter, 501 U.S. 294 (1991).

and 28 U.S.C. §1915(e).[2]

## II. The Plaintiff's Contentions

In the complaint, the Plaintiff alleges that he was confined on the "jail" side of the Northern Correctional Facility in a cell, in which for nine days, he did not have water to drink or to wash his hands. However, he acknowledges that he was able to flush his toilet. The Plaintiff indicates that he was treated in an inhuman way by the Defendants during the holidays on his first experience of being incarcerated. He alleges that he suffered mental and psychological damage and is still fearful of being in a confined space. For relief, the Plaintiff seeks $9,000,000 in damages, representing $1,000,000 per day for each day he was in the cell with no running water. In addition, the Plaintiff asks that the Defendants pay for any future psychological care, as needed.

## III. Standard of Review

Because the Plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious.

---

[2] 28 U.S.C. §1915(e)(2)(B) states:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...
    (B) the action or appeal-
        (i)   is frivolous or malicious;
        (ii)  fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," or when the claims rely on factual allegations which are "clearly baseless." See Neitzke at 327 and Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

*Pro se* complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in Bell Atlantic Corp. V. Twombly, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded allegations in the complaint as true and in the light most favorable to the

plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations." it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. at 555.

### IV. Analysis

The Eighth Amendment provides, in relevant part, that "cruel and unusual punishments [shall not be] inflicted." U.S. Const. Amend. VIII. The Supreme Court has construed this clause to require prison officials to "provide humane conditions of confinement." Farmer v. Brennen, 511 U.S. 825, 832 (1994). Therefore, "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take 'reasonable measures to guarantee the safety of the inmates.'" Id. (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). However, the Supreme Court has noted that "the Constitution does not mandate comfortable prisons." Rhodes v. Chapman, 452 U.S. 337, 349 (1981). To succeed on an Eighth Amendment cruel and unusual punishment claim, a prisoner must prove two elements: (1) that objectively the deprivation of a basic human need was sufficiently serious, and (2) that subjectively the prison official acted with a sufficiently culpable state of mind. De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 1993) (internal quotation marks and emphasis omitted) (quoting Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993)); see Farmer, 511 U.S. at 834 (explaining that, to violate the Eighth Amendment, " a

prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities'" (quoting Rhodes, 452 U.S. at 347)).

The Plaintiff's complaint, even under the most liberal construction, does not establish that the Plaintiff was denied the minimal civilized measures of life's necessities or that he was exposed to a substantial risk of harm. Although water is a basic life necessity, the Plaintiff does not allege that he did not have access to water, rather, he complains that he did not have running water in his cell. There is no allegation that he was confined to his cell twenty-four hours a day without access to shower facilities or drinking water. In addition, there is no allegation that he was deprived of liquids with his meals. The mere fact that he could not wash his hands or drink from the sink faucet does not amount to the deprivation of the minimal civilized measure of life's necessities.

Moreover, the Prison Litigation Reform Act (PLRA) of 1996 placed an important limitation upon all actions arising from incarceration, requiring proof of "physical injury" arising from the allegedly unconstitutional condition. Under 42 U.S.C. § 1997e(e), no recovery of monetary damages is allowed for emotional stress:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

Here, the Plaintiff's sole request for relief is monetary damages. However, he has failed to allege that he suffered from any physical injuries as the result of the events he describes in his complaint.

### V. Recommendation

For the reasons stated, the undersigned recommends that the Plaintiff's complaint be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted.

Within fourteen (14) days after being served with a copy of this Recommendation, the Plaintiff may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, to his last know address as shown on the docket sheet. In addition, this Report and Recommendation completes the referral from the District Court. The Clerk is

**DIRECTED** to terminate the Magistrate Judge association with this case until further order.

DATED: October 5, 2017.

*/s Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE